IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KNIGHTHAWK ENGINEERING, INC. § <br>    *Plaintiff,* § <br> § <br> v. § <br> § <br> STATE AUTOMOBILE MUTUAL § <br> INSURANCE COMPANY § <br>    *Defendant.* § <br> § | | CIVIL ACTION NO. 4:26-cv-304 <br> (JURY) |

## DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant State Automobile Mutual Insurance Company ("State Auto" or "Defendant") in Cause No. 2025-91043 pending in the 80TH Judicial District Court of Harris County, Texas, files this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity jurisdiction and would respectfully show the Court as follows:

### I.
### Background and Procedural History

1. This is a motor vehicle property damage action. State Auto issued Commercial Auto Insurance Policy No. 10014449CA ("Policy") to Knighthawk Engineering, Inc., for the policy period from January 24, 2024, to January 24, 2025. (the "Policy"). The Policy provided physical damage collision coverage for Plaintiff's vehicle, a 2022 GMC Sierra 2500HD (the "Vehicle"). In early December 2024, Plaintiff alleges that the Vehicle was involved in an accident and sustained damages. *See* Plaintiff's Original Petition ("Petition" or "Plaintiff's Petition"), Exhibit C-1, ¶ 10. Plaintiff alleges that "Venue is proper in Harris County, Texas pursuant to

1

Texas Civil Practice & Remedies Code section 15.002 because Harris County is the county in which all or a substantial part of the acts or omissions giving rise to the cause of action occurred. TEX. CIV. PRAC. & REM. CODE § 15.002." *See* Exhibit C-1, ¶ 8.

2.      On December 4, 2025, an action was commenced by Plaintiff in the 80th District Court of Harris County, Texas, styled *Knighthawk Engineering, Inc. vs. State Automobile Mutual Insurance Company*, Cause No. 2025-91043. Plaintiff asserts causes of action of breach of contract and noncompliance with the Texas Insurance Code: unfair settlement practices, and prompt payment of claims. *See* Exhibit C-1.

3.      Defendant was served on December 16, 2025, and filed its Original Answer in the 80th Judicial District Court of Harris County, Texas, on January 9, 2026. *See* Defendant's Original Answer, attached and incorporated herein as Exhibit C-3.

4.      Although Plaintiff pleads the amount in controversy is "monetary relief of $250,000 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees" *See* Exhibit C-1, ¶ 2, Plaintiff did not contemporaneously file a Binding Stipulation with the Original Petition as required by federal applicable law. A state-court plaintiff seeking to avoid federal jurisdiction may do so by filing a binding stipulation with the original complaint that limits recovery to an amount below the jurisdictional threshold. *See*, e.g., *Mokhtari v. Geovera Specialty Insurance Co.*, Civil Action No. H-14-3676, 2015 WL 2089772, at *1 (S.D. Tex. May 4, 2015); *Espinola-E v. Coahoma Chemical Co.*, 248 F.3d 1138, 2001 WL 85834, at *2 (5th Cir. Jan. 19, 2001) (per curiam) (unpublished).

5.      Defendant files this notice of removal within 30 days of receiving service of Plaintiff's pleading. *See* 28 U.S.C. § 1446(b).

## II.
## Basis for Removal

6. "Generally, a defendant may remove to federal court any state court civil action over which the federal court would have 'original jurisdiction.'" *Issa v. Allstate County Mut. Ins. Co.*, 4:20-CV-3227, 2021 WL 2457729, at *1 (S.D. Tex. June 16, 2021) (citing 28 U.S.C. § 1441(a); *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007)). "Federal courts have 'original jurisdiction' over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." *Id.* (citing 28 U.S.C. § 1332(a)). The removing party has the burden of showing the removal is proper. *Id.* (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Removal of the above-captioned action is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

**A.   There is Complete Diversity of Citizenship.**

7. Plaintiff Knighthawk Engineering, Inc., is an entity with its principal office in Texas. *See* Exhibit C-1, ¶ 3.

8. State Automobile Mutual Insurance Company is a company organized under the laws of the State of Ohio and for federal court jurisdiction/diversity of citizenship disclosure purposes, the principal place of business is 175 Berkeley Street, Boston, Massachusetts. As such, for diversity purposes, State Auto is a citizen of Ohio and Massachusetts. 28 U.S.C. § 1332(c)(1).

9. Therefore, there is complete diversity between the parties.

**B.   The Amount in Controversy Exceeds the Jurisdictional Requirements.**

10. Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). When removal is premised upon diversity jurisdiction, courts determine

the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Property and Casualty Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). Generally, the amount alleged in the state court petition determines the amount in controversy so long as it was pled in good faith. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). If the jurisdictional amount is not apparent from the face of the state court petition, the court may rely on summary judgment-type evidence. *St. Paul Reinsurance Co., Ltd v. Greenberg,* 135 F.3d 1250, 1253, (5th Cir. 1998).

11. If a defendant shows that on the face of the state court petition or by a preponderance of the evidence the amount in controversy exceeds $75,000, the plaintiff may defeat removal by showing with legal certainty that the claims alleged are for less than $75,000. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995). A Texas plaintiff who wishes to avoid removal by limiting their recovery to less than $75,000 as a matter of law must file a binding stipulation or affidavit with his original state petition. *St. Paul Reinsurance,* 135 F.3d at 1254 n.18. Specifically, a binding stipulation—filed before removal—that states the plaintiff will not accept more than $75,000.00, exclusive of interest and costs, satisfies the legal-certainty test. *St. Paul Reinsurance Co., Ltd v. Greenberg,* 135 F.3d 1250, 1254, n.18 (5th Cir. 1998); *Williams v. Companion Prop. & Cas. Ins. Co.,* 2013 WL 2338227, at *2 (S.D. Tex. May 27, 2013) (Rosenthal, C.J.).

12. "A defendant meets its burden of establishing the requisite amount in controversy for diversity jurisdiction if: '(1) it is apparent from the face of the petition that the claims exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount.'" *Issa* 2021 WL 2457729, at *1 (citing *Manguno*, 276 F.3d at 723). An allegation of the amount in controversy is prima facie proof

of the amount in controversy. *See Electronic Data Systems Corporation v. Kinder*, 360 F. Supp. 1044, 1047 (N.D. Tex. 1973), *aff'd*, 497 F.2d 222 (5th Cir. 1974). "Once a defendant meets its burden, removal is proper, provided the plaintiff has not shown to a legal certainty that his claim is for less than the federal jurisdictional minimum." *Id.* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

13. In its Petition, Plaintiff asserts that it is seeking "monetary relief of $250,000 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees" *See* Exhibit C-1, ¶ 2. However, Plaintiff is suing for benefits afforded under a Commercial Vehicle Insurance Policy issued by State Auto to Knighthawk Engineering Inc., for the fair market value of a commercial truck valued by Plaintiff at "around $65,000 to $71,000+, while December 2024 estimates would have been higher." *Id*. ¶ 13. Additionally, Plaintiff alleges it is entitled to actual damages, court costs, Texas Insurance Code Section 542 18% penalty interest, attorney's fees and treble damages. *See* Exhibit C-1, ¶ Prayer.

14. Moreover, the Petition alleges State Auto's actions constitute a violation of the unfair insurance settlement practices under Texas Insurance Code § 541.060, violations of Texas Insurance Code § 542.003 and 542.057, and violations of the Texas Insurance Code provisions on the prompt payment of claims. *See* Exhibit C-1, ¶¶ 23-27. Further, the Petition alleges State Auto's actions were committed knowingly, and Plaintiff is seeking treble damages and exemplary damages. *See* Petition, Exhibit C-1, ¶¶ 29, 32 and Prayer. Plaintiff is also requesting damages for pre-judgment interest, post-judgment interest, attorney's fees, and costs. *See* Exhibit C-1, ¶ Prayer.

15. Plaintiff seeks "monetary relief of $250,000 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees" *See* Exhibit C-1, ¶ 2. In addition, Plaintiff has alleged that its actual damages are $40,000.00. *See* Exhibit C-5, Plaintiff's

5

Pre-Suit Notice Demand. Based on Plaintiff's demand, Plaintiff's claimed treble damages amount to $120,000.00, plus attorney's fees, court fees, and interest, which exceed the necessary amount to satisfy the amount in controversy of $75,000.00 or more. The amount in controversy grows when the actual damages and treble damages are added to the sought attorney fees, costs, and exemplary damages. Accordingly, the amount in controversy threshold is satisfied.

16. The amount in controversy includes the following alleged elements of damages and attorney's fees: (i) actual damages for losses under the insurance policy; (ii) actual damages and treble damages for knowing/intentional violations of the Texas Insurance Code; and (iii) interest and attorney's fees. *See Sotello v. Allstate Fire & Cas. Ins. Co.*, No. 5:20-CV-1303-DAE, 2021 WL 1624272, at *2 (W.D. Tex. Feb. 22, 2021) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Arceo v. Allstate Tex. Lloyd's*, No. 5:19-CV-00177-OLG, 2019 WL 10302262, at *1–2 (W.D. Tex. June 10, 2019); *Ray v. State Farm Lloyds*, No. Civ. A. 3:98-CV-1288-G, 1999 WL 151667, at *2 (N.D. Tex. Mar. 10, 1999)) (stating items the court may consider in determining amount in controversy include attorneys' fees, statutory damages, punitive damages, treble damages, policy limits, and penalties, but not interest or costs).

17. Considering all the foregoing, it is reasonably clear that the amount in controversy exceeds the sum of $75,000.00, and the Court has diversity jurisdiction over this matter. *See* 28 U.S.C. § 1332(a).

### III.
### The Removal is Procedurally Correct

18. State Auto was first served with Plaintiff's Original Petition and process on December 16, 2025. State Auto files this Notice of Removal within the thirty-day period required by 28 U.S.C. § 1446(b).

19. Venue is proper in this district and division under 28 U.S.C. § 1446(a) because this District and Division includes the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

20. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, in addition to the Petition (Exhibit C-1), and the Policy Declarations (Exhibit C-4), the following items are being filed contemporaneously with this Notice of Removal: Index of Matters Being Filed (Exhibit A); Citation of Service on State Auto served on December 16, 2025 (Exhibit C-2), Defendant's Original Answer (Exhibit C-3), Plaintiff's Pre-Suit Notice Demand (Exhibit C-5), Docket Sheet of Case Filing in State Court (Exhibit C-6), a Certificate of Interested Persons and Corporate Disclosure Statement (Exhibit D), and a List of All Counsel of Record (Exhibit E).[1]

21. Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant State Auto files this Notice of Removal, written notice of the filing will be given to the Plaintiff, the adverse party. Specifically, Plaintiff will be served with notice of the filing.

22. Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant State Auto files this Notice of Removal, a true and correct copy of this Notice of Removal will be filed with the Clerk of the 80th Judicial District Court of Harris County, Texas.

## IV.
## Conclusion

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal, which are fully incorporated herein by reference, Defendant State Automobile Mutual Insurance Company, hereby removes this case to this Court for trial and final determination.

---

[1] Defendant is also filing its Rule 7.1 Disclosure Statement and Certificate of Interested Parties per Federal Rule of Civil Procedure 7.1.

By: /s/ Jonathan R. Peirce
Jonathan R. Peirce, Attorney-in-Charge
Southern District No. 2303246
State Bar No. 24088836
David Points, III
Southern District No. 3487937
State Bar No. 24105943
**THOMPSON, COE, COUSINS & IRONS, LLP**
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: 713-403-8210
Facsimile: 713-403-8299
jpeirce@thompsoncoe.com
dpoints@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT,
STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2026, a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure upon all known parties and counsel of record, including the parties identified below.

Janina Wojtkowski
Richard Simmons
WALDRON & SCHNEIDER, PLLC
University Park
15150 Middlebrook Drive
Houston, Texas 77058
(281) 488-4438
rsimmons@ws-law.com
janina@ws-law.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ David Points, III*
David Points, III